**Donald HARDLE, Respondent,**

v.

**PRESTON ENERGY, INC., et al., Defendants,**

**James P. Shoffner, Appellant.**

**No. C5–85–417.**

Court of Appeals of Minnesota.

Oct. 15, 1985.

B. William Ekstrum, Jr., Minneapolis, for respondent.

Michael D. Madigan, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an award for breach of a lease. The trial court found appellant liable based on his execution of a guaranty respecting payment of rent under the lease.

## FACTS

Respondent Donald Hardle, as the alleged assignee of Apex Properties (Apex), sued for breach of a lease between Apex and Preston Energy, Inc. (Preston Energy). Appellant James Shoffner was named as a defendant because he had guaranteed payment of rent under the Apex-Preston Energy lease.

Hardle is a land development contractor. He purchased McKnight/36 Plaza, a shopping center, from Apex. Hardle and Apex then entered into a lease-back agreement for a portion of the premises. Preston Energy sublet the property from Apex. Shoffner guaranteed payment of rent to Apex under the Apex-Preston Energy lease.

Apex was delinquent in rental payments under its lease with Hardle. Consequently, Hardle and Apex agreed that Apex pay certain amounts in exchange for a complete release from its lease obligations. This agreement mentioned the fact that Apex had subleased the premises to Preston Energy. It did not, however, specifically assign the lessor's interest to Hardle. Hardle referred to the agreement as an assignment in his testimony. There was no other evidence presented on the issue of assignment.

The trial court found that Apex had assigned its interest in the lease to Hardle. As a result, it found Shoffner liable on the guaranty. Shoffner appeals.

## ISSUE

Does the evidence support the trial court's finding that there was an assignment of the lease?

## ANALYSIS

An assignment of a lease for more than a year must be in writing unless there is an assignment by operation of law. Minn.Stat. § 513.04 (1984).

Although under Minnesota law "no particular form of words is required" for an assignment, "an intent to transfer must be manifested and the assignor must not retain any control * * *."

*Guaranty State Bank of St. Paul v. Lindquist,* 304 N.W.2d 278, 280–81 (Minn.1981)

(quoting *Springer v. J.R. Clark Co.*, 46 F.Supp. 54, 58 (D.Minn.1942), *rev'd on other grounds*, 138 F.2d 722 (8th Cir.1943)).

■ The only testimony on the issue of assignment was Hardle's reference to the agreement as an assignment. The agreement does not state that it is an assignment nor are there any words indicating an assignment of Apex's interest as lessor. There was no evidence of Apex's intent to transfer. There was no evidence of Apex's relinquishment of control. Hardle's reference to the agreement as an assignment alone is insufficient to support the trial court's finding of an assignment.

Absent a valid assignment of the lease, there is no privity of contract between Hardle and Shoffner. Therefore, Hardle is not entitled to recover on the guaranty.

Because we have determined that the evidence does not support the finding of an assignment, we need not reach the remaining issue raised by the parties.

### DECISION

Reversed.